UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RACHEAL WITTE, | : | Case No. 1:08-cv-447 |
| | : | |
| Plaintiff, | : | Judge Herman J. Weber |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED.**

This is a Social Security disability benefits appeal. At issue is whether the administrative law judge ("ALJ") erred in finding Plaintiff "not disabled," and, therefore, unentitled to a period of disability and disability income benefits. (*See* Administrative Transcript ("Tr.") at 32).

## I. FACTS AND PROCEDURAL HISTORY

At issue in this appeal is whether depression suffered by Plaintiff, Racheal Witte, is disabling. Plaintiff allegedly began suffering from depression and anxiety as early as July 2002. (Tr., 27). On October 26, 2004, Plaintiff filed an application for disability insurance benefits alleging a disability onset date of August 1, 2002, due to manic depression, anxiety and asthma. (Tr., 60-62).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

On March 9, 2005, Plaintiff's claims were denied on the state agency level. (Tr., 37-39). On June 1, 2005, Plaintiff was again found not disabled on reconsideration. (Tr., 43-45). Thereafter, Plaintiff requested a hearing *de novo* before an ALJ. (Tr., 46). A hearing was held on March 1, 2007, at which Plaintiff appeared with counsel and testified. (Tr., 339-363). At the hearing, Plaintiff also presented the testimony of her friend, Laurie Baker, and her live-in boyfriend, James Neeley, in an effort to show the severity of her alleged conditions. (Tr., 364-379).

Among the evidence considered by the ALJ in determining Plaintiff's case was a "Medical Assessment of Ability To Do Work-Related Activities (Mental)" prepared by Plaintiff's treating physician, Dr. Rajesh Khanna. (Tr., 283-285). According to Dr. Khanna's assessment, Plaintiff has "[n]o useful ability to" deal with work related stresses, use judgment, function independently, understand, remember and carry out detailed instructions or relate predictably in social situations. (Tr. 283-285). Dr. Khanna, however, failed to "[i]dentify the particular medical or clinical findings" supporting his assessment of Plaintiff's work-related limitations, despite specific instructions to list such findings. (Tr., 283-285).

Also presented for the ALJ's consideration was a "Disability Assessment Report" authored by James J. Rosenthal, Psy.D., a clinical psychologist. (Tr., 261-264). Dr. Rosenthal met with Plaintiff once for a clinical interview on February 2, 2005. (Tr., 261). Following his clinical interview with Plaintiff, Dr. Rosenthal diagnosed Plaintiff with

"MAJOR DEPRESSION (Recurrent; Mild)" and set forth the following conclusions:

> Ms. Witte's ability to understand, remember, and follow simple one or two step job instructions is not impaired. Her ability to relate to bossess, coworkers, and the general public does not appear impaired. She was pleasant and cordial during the interview. She reports no history of social problems. Her ability to sustain attention and concentration to complete daily work tasks appears mildly impaired based on her performance during the interview. Her ability to tolerate the stress of day-to-day employment may be mildly impaired due to her depression. Ms. Witte could manage funds granted to her.

(Tr., 264).

A vocational expert, Micha Daoud ("VE"), was also present at the March 1, 2007 hearing and testified. (Tr., 379-386). The VE testified that, based on Dr. Rosenthal's assessment of Plaintiff's work-related abilities, Plaintiff was able to perform two past jobs, *i.e.*, kitchen helper and order filler, and was able to perform a number of other jobs. (Tr., 381-382). However, according to the VE, if Dr. Khanna's assessment of Plaintiff's ability to perform work-related activities was credible, Plaintiff would be unable to perform any of the work referenced during the hearing because "[t]here would be no job that would have absolutely no stress." (Tr. 383-384).

On April 23, 2007, the ALJ entered his decision finding Plaintiff not disabled. (Tr., 20-32). The ALJ's decision is based on the acceptance of Dr. Rosenthal's conclusions regarding Plaintiff's work-related abilities and the rejection of Dr. Khanna's conclusions in that regard. (Tr., 31). The ALJ's decision became Defendant's final

determination upon denial of review by the Appeals Council on May 5, 2008. (Tr., 4-6).

The ALJ's specific "Findings," which represent the rationale of the decision, are as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2005.

2. The claimant has not engaged in substantial gainful activity since August 1, 2002, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq*.).

3. The claimant has the following severe combination of impairments: depression and asthma (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to work in a clean air environment with no concentrated exposure to dust, fumes, gases, strong odors, or poor ventilation. The claimant's work should involve only routine, repetitive tasks and understanding and carrying out only simple instructions. She should have only occasional contact with coworkers and should work in a stable, predictable work environment with few day to day changes. She should not be required to travel from the place of employment.

6. The claimant is capable of performing past relevant work as a kitchen helper and order filler. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from August 1, 2002 through the date of this decision (20 CFR 416.920(f)).

(Tr., 25-32).

On appeal, Plaintiff argues that the ALJ erred: (1) in determining her residual functional capacity; and (2) in failing to evaluate the credibility of lay witnesses.

## II. ANALYSIS

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled.

As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

### A. First Assignment of Error

In her first assignment of error, Plaintiff argues that the ALJ erred when he

accepted the conclusions of Dr. Rosenthal regarding Plaintiff's residual functional capacity over the conclusions of Plaintiff's treating physician, Dr. Khanna. Specifically, Plaintiff contends that Dr. Khanna's opinions are entitled to controlling weight, or at the least, greater weight than the opinions of Dr. Rosenthal. Defendant contends that the ALJ properly discredited Dr. Khanna's conclusions as unsupported by clinical evidence, inconsistent with treatment notes, and outside Dr. Khanna's specialty.

As a general rule in social security disability cases, opinions of treating doctors are given greater deference than opinions rendered by non-treating doctors. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007). This rule is "commonly known as the treating physician rule." *Id*. (citing Soc. Sec. Rul. 96-2p, 1996 WL 374188 (July 2, 1996); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004)). The rationale behind the treating physician rule is that, "treating physicians are 'the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone[.]'" *Rogers*, 486 F.3d at 242 (citing 20 C.F.R. § 416.927(d)(2)).

In determining the matter, an ALJ must specifically set forth "good reasons" for discounting the treating physician's conclusions. *Rogers*, 486 F.3d at 242. Such reasons must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."

*Id*. (citing Soc. Sec. Rul. 96-2p, at *4). An ALJ's failure to explain "precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Rogers*, 486 F.3d at 243 (citing *Snell v. Apfel*, 177 F.3d 128, 134 (2nd Cir. 1999)).

### 1. *Controlling Weight of Treating Physician Opinion Evidence*

In weighing differing medical opinion evidence, an ALJ considers the factors set forth in 20 C.F.R. § 404.1527(d)(2). Under that regulation, "the opinion of a treating physician is entitled to controlling weight if such opinion (1) 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques,' and (2) 'is not inconsistent with the other substantial evidence in [the] case record.'" *Meece v. Barnhart*, 192 Fed.Appx. 456, 460 (citing 20 C.F.R. § 404.1527(d)(2)).

Here, the ALJ determined that the opinions of Dr. Khanna were not entitled to controlling weight because Dr. Khanna's opinions: (1) are not consistent with office notes; and (2) have "no clinical support." (Tr., 31).

With regard to inconsistencies, the ALJ provided only one example of inconsistency between Dr. Khanna's notes and ultimate opinion. Specifically, the ALJ took issue with Dr. Khanna's opinion that Plaintiff's concentration was "seriously limited," despite routine office notations describing Plaintiff's concentration as normal. (Tr., 31).

Certainly, the record shows that Dr. Khanna described Plaintiff's concentration as

normal on September 2, 2004, December 13, 2004, and January 10, 2005.  (Tr., 141, 151, 154).  Plaintiff, in her reply to Defendant's motion in opposition, acknowledges that "there are five instances when Dr. Khanna notes normal concentration during the objective exam of Plaintiff."  As a result, substantial evidence supports the ALJ's conclusion that Dr. Khanna's office notations are inconsistent with his opinion regarding Plaintiff's concentration.

However, as noted by the VE during the hearing, the significant disabling characteristic in Dr. Khanna's report was Plaintiff's ability to tolerate stress.  (Tr., 383-384).  According to the VE, if Dr. Khanna's opinion was credible, Plaintiff would be unable to perform any of the work he described during the hearing because "[t]here would be no job that would have absolutely no stress."  (Tr., 383-384).  The VE also noted Dr. Khanna's conclusions that Plaintiff had "no useful - - functional ability to be able to work independently or use judgment."  (Tr., 383-384).

Despite such testimony, the ALJ never specifically cited any inconsistency between Dr. Khanna's office notations and his material opinions about Plaintiff's ability to tolerate stress, work independently or use judgment.  Accordingly, a lack of sufficient evidence supports the ALJ's conclusion that Dr. Khanna's notes are inconsistent with his *material* conclusions.

However, the inquiry does not stop there because the ALJ also determined that Dr. Khanna's opinions were not entitled to controlling weight because they were not

-8-

supported by clinical evidence. (Tr., 31). As noted above, the ultimate difference in conclusions between Dr. Khanna and Dr. Rosenthal, both of whom diagnosed Plaintiff with depression, was the severity of her depression and its effect on her ability to handle work-related stress. Dr. Khanna concluded that Plaintiff had no ability to deal with work related stresses (Tr., 283-284), whereas Dr. Rosenthal opined that Plaintiff's ability to handle the day-to-day stresses of employment was only "mildly impaired." (Tr., 264).

Plaintiff points to a number of medical records wherein she described symptoms of anxiety and depression to Dr. Khanna. While these symptoms may support Dr. Khanna's diagnosis of depression, it cannot be said which symptoms, if any, Dr. Khanna relied upon in forming his conclusion regarding Plaintiff's work-related abilities. To further exacerbate the issue, Dr. Khanna's failed to specifically identify any "medical/clinical findings" supporting his assessment of Plaintiff's work-related limitations, despite specific instructions to do so on the assessment form. (Tr., 283-285).

The Sixth Circuit has repeatedly stated that an "ALJ 'is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation.'" *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *King v. Heckler*, 742 F.2d 968, 973 (6th Cir.1984)). Because there is an absence of detailed objective criteria or clinical findings set forth by Dr. Khanna in support of his conclusions regarding the extent of Plaintiff's work-related limitations, substantial evidence supports the ALJ's conclusion that Dr. Khanna's conclusions are not entitled to controlling weight.

### 2. *Weight of Medical Opinion Evidence if not Controlling*

If the opinion of a treating doctor is not entitled to controlling weight under 20 C.F.R. § 404.1527(d)(2), an ALJ will then "apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion." 20 C.F.R. § 404.1527(d)(2). These factors include: "(1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion, with respect to relevant evidence such as medical signs and laboratory findings; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the physician rendering the opinion; and (6) any other factor raised by the applicant." *Meece*, 192 Fed.Appx. at 461 (citing 20 C.F.R. §§404.1527(d)(2)-(d)(6)).

Here, the ALJ's decision is very detailed regarding Plaintiff's treatment with Dr. Khanna, the frequency, or infrequency, with which she saw him, and the nature and extent of Plaintiff's treatment. (Tr., 27-28, 30-31). As set forth above, the ALJ's decision also considered the consistency and supportability of Dr. Khanna's opinion in relation to the record as a whole. (Tr., 27-28, 30-31).

Of significant importance to the ALJ in assessing the relative weight of the medical opinion evidence was the fact that Dr. Khanna is not a psychologist. (Tr., 31). This Court has noted that "[a] treating physician's opinion on the mental state of his patient constitutes competent medical evidence even though the physician is not a certified psychiatrist." *Mason v. Comm'r of Soc. Sec.*, 129 Soc.Sec.Rep.Serv. 738, *14

fn5 (S.D. Ohio Apr. 14, 2008) (citing *Kruetzman v. Apfel*, Case No. C-3-98- 121 (S.D.Ohio Sept. 13, 1999); *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir.1995); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987); *Kratochvil v. Barnhart*, 2003 W.L. 22176084 (D.Kan. Sept. 17, 2003); 20 C.F.R. § 416.927(d)(2)). However, an ALJ is generally instructed to give more weight "to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(d)(5); *Stiltner v. Comm'r of Soc. Sec.*, 244 Fed. Appx. 685, 690 (6th Cir. 2007).

As a result, Dr. Khanna's opinion can be accorded less weight simply because he is not a psychiatrist, and particularly where the assessment of Plaintiff's mental health falls within the specialty of Dr. Rosenthal. Because the ALJ specified a "good reason" to discount Dr. Khanna's opinions, there is substantial evidence supporting the ALJ's conclusion about Plaintiff's residual functional capacity.

Accordingly, the ALJ properly weighed the medical evidence and gave sufficient justification for according little weight to Dr. Khanna's opinions regarding Plaintiff's work-related abilities. Therefore, Plaintiff's first assignment of error should be overruled.

### B. Second Assignment of Error

In her second assignment of error, Plaintiff contends that the ALJ erred by failing to determine the credibility of lay witnesses. At the hearing, Plaintiff proffered the lay testimony of her friend, Laurie Baker, and her live-in boyfriend, James Neeley, in an effort to show the severity of her condition. (Tr., 364-379).

Pursuant to 20 C.F.R. Section 404.1513(d)(4), a claimant is entitled to present evidence from "[o]ther non-medical sources (for example, spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy)" in an effort "to show the severity of your impairment(s) and how it affects your ability to work." This court has determined that, "[w]ith regard to witness testimony, the ALJ must consider the testimony of friends and family members." *Durham v. Comm'r of Soc. Sec.*,133 Soc.Sec.Rep.Serv. 436 (6th Cir. Aug. 14, 2008) (citing *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir.1996)).

Therefore, "[l]ay testimony as to a claimant's symptoms is competent evidence which the Secretary must take into account, *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993), unless he expressly determines to disregard such testimony, in which case 'he must give reasons that are germane to each witness.'" *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). An ALJ's failure to expressly set forth reasons discounting lay witness testimony is erroneous. *Id*.

With regard to Baker's testimony, the ALJ notes that "the record does not support" her testimony that "she helped the claimant with her activities of daily living." (Tr., 30). The ALJ points to Plaintiff's statements to Dr. Rosenthal, wherein:

> She said she could do housekeeping, laundry, and cooking. She could manage money, drive, go shopping, and manage her hygiene daily. She said she went to her doctor appointments as scheduled, and she took her medication with her boyfriend's help. The claimant also said she cared for her children during the day, helping her son with breathing

> treatments and making lunch and dinner. Dr. Rosenthal noted the claimant was very neatly groomed. The claimant's friend, who testified at the hearing, also confirmed the claimant is able to keep her house neat and clean.

(Tr., 29-30). The above is sufficient grounds upon which the ALJ could discount Baker's testimony.

Plaintiff further contends that the ALJ failed to mention Neeley's testimony in the decision. However, Plaintiff's assertion in this regard is without merit. In fact, the ALJ specifically referenced Neeley's testimony (Tr., 29) and compared his testimony against Plaintiff's statements to Dr. Rosenthal regarding her daily activities. In so comparing Neeley's testimony to Plaintiff's description of her daily activities, the ALJ concluded that Plaintiff's "depression causes no more than moderate limitation in her social functioning." (Tr., 29). Thus, the ALJ sufficiently assessed Neeley's testimony.

Accordingly, because the ALJ properly considered and assessed the testimony of Baker and Neeley, Plaintiff's second assignment of error should be overruled.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's assignments of error are without merit. The ALJ's decision is supported by substantial evidence and should be affirmed. **IT IS THEREFORE RECOMMENDED THAT:** (1) because the decision of the Commissioner is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, it should be **AFFIRMED**; and (2) as no further matters remain pending for the Court's review, this case should be **CLOSED.**

Date: July 13, 2009         s/ Timothy S. Black
                            Timothy S. Black
                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RACHEAL WITTE, | : | Case No. 1:08-cv-447 |
| | : | |
| Plaintiff, | : | Judge Herman J. Weber |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN (10) DAYS** after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN (13) DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within **TEN (10) DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).