IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Racheal Witte,                )
                              )
        Plaintiff,            ) Case No. 1:08-CV-447
                              )
    vs.                       )
                              )
Michael J. Astrue,            )
Commissioner of Social        )
Security,                     )
                              )
        Defendant.            )

O R D E R

This matter is before the Court on Magistrate Judge Black's Report and Recommendation of July 14, 2009 (Doc. No. 16) and Plaintiff Racheal Witte's objections to the Report and Recommendation (Doc. No. 19). In his Report and Recommendation, Judge Black found that the Administrative Law Judge's ("ALJ") determination that Plaintiff is not disabled, and therefore, not entitled to receive disability insurance benefits, was supported by substantial evidence. Therefore, Judge Black recommended that the ALJ's determination be affirmed and that this case be closed. For the reasons that follow, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation. The Court concludes that the Administrative Law Judge's determination that Plaintiff is not disabled was supported by substantial evidence. Accordingly, the ALJ's determination that Plaintiff is not disabled is **AFFIRMED.**

I. <u>Background</u>

The sole issue presented by Plaintiff's objections is whether the ALJ erred in crediting the opinion of an examining psychologist that she is not disabled due to depression over the opinion of her treating physician, a family practitioner, that she has no capacity for tolerating the everyday stress of work due to depression. Therefore, a detailed discussion of the medical evidence is not required.

The record reflects that Plaintiff has been treating with Dr. Rajesh Khanna for a variety of ailments, injuries, and illnesses since 1997. Tr. 113-86. As is relevant here, Dr. Khanna treated Plaintiff for depression, principally by prescribing various antidepressant medications, from 1999 to 2001 and then again from 2004 through 2006. Plaintiff has not engaged in any substantial gainful activity since August 1, 2002. Plaintiff filed an application for disability insurance benefits on October 26, 2004 alleging an onset date of disability of August 1, 2002 due to manic depression, anxiety, and asthma.

On June 23, 2005, Dr. Khanna completed and submitted a Medical Assessment of Ability to Do Work-Related Activities (Mental) form concerning Plaintiff. Tr. 283-85. On this form, Dr. Khanna indicated that Plaintiff has fair abilities in the following areas: following work rules, relating to co-workers, dealing with the public, interacting with supervisors,

2

maintaining concentration and attention, understanding, remembering, and carrying out detailed job instructions, behaving in an emotionally stable manner, and demonstrating reliability. Plaintiff has good ability to understand, remember and carry out simple job instructions and maintain her personal appearance. Plaintiff has poor or no ability to use judgment, deal with work stresses, function independently, understand, remember, and carry out complex job instructions, and relate predictably in social situations. Dr. Khanna stated that Plaintiff would miss about two days of work per month due to her impairment. Dr. Khanna, however, failed to cite the medical and/or clinical findings which supported his assessment despite being requested to do so by the form.

On February 2, 2005, Dr. James Rosenthal, a clinical psychologist, prepared and submitted a disability assessment report after interviewing and testing Plaintiff in-person. Tr. 262-64. Based on his examination of Plaintiff, Dr. Rosenthal concluded that Plaintiff's ability to understand, remember, and follow simple job instructions is not impaired. He found further that her ability to relate to bosses, coworkers, and the public is not impaired. Dr. Rosenthal stated that Plaintiff's ability to sustain attention and concentration and her ability to tolerate daily work stress are only mildly impaired due to depression.

3

Plaintiff's application for benefits was denied initially and upon reconsideration. She requested and received an evidentiary hearing, which took place on March 31, 2007. During the hearing, the ALJ received evidence from a vocational expert, Micha Daoud. In developing Plaintiff's mental RFC, the ALJ used a hypothetical person with limitations that essentially tracked Dr. Rosenthal's assessment: this person can only perform unskilled and routine work with repetitive tasks and can only carry out simple instructions; she should have no contact with the general public to perform the functions of her job; she should have only occasional superficial contact with co-workers; she should work in a stable environment, with few if any changes from day to day; and there should be no travel away from the place of work. Tr. 380-81. Given those limitations, the ALJ testified that the hypothetical person could perform the Plaintiff's past work as a kitchen helper or order filler. Id. at 380-81. On cross-examination, however, the vocational expert testified that if the ALJ adopted Dr. Khanna's RFC, then Plaintiff would be precluded from working because there are no jobs without some stress and she has no ability to tolerate stress. Tr. 383-84.

On April 23, 2007, the ALJ issued a decision denying Plaintiff's application for disability benefits. Tr. 23-32. At the fourth step of the five-step disability evaluation sequence,

4

the ALJ determined that Plaintiff has the RFC to perform her past relevant work as kitchen helper and order filler. Tr. 31. Because the ALJ determined that Plaintiff is able to perform her past relevant work, she is not disabled under the Social Security regulations. In finding that Plaintiff can perform her past relevant work, the ALJ gave Dr. Khanna's opinion little weight because he is not a psychiatrist and not qualified to give a psychological opinion. Additionally, the ALJ noted that Dr. Khanna failed to provided clinical support for his opinion, had never done a mental status examination of Plaintiff, and had never referred Plaintiff for evaluation by a mental health expert. The ALJ also found that Dr. Khanna's treatment notes were inconsistent with his opinion. As an example, the ALJ observed that his notes routinely describe Plaintiff's concentration as normal, yet he opined that her ability to concentrate is seriously limited. Id. Instead, the ALJ found Dr. Rosenthal's opinion to be medically supported and more consistent with the overall evidence.

Plaintiff filed a timely complaint for review of the ALJ's decision. As indicated, the only issue now before the Court is whether the ALJ erred in the weight he assigned to Dr. Khanna's opinion. In his Report and Recommendation, Magistrate Judge Black determined that the ALJ was not required to give Dr. Khanna's opinion controlling weight because he failed to support

it with detailed objective or clinical findings.  Additionally, and importantly, Judge Black concluded that the ALJ was entitled to give Dr. Khanna's opinion less weight simply because he is not a mental health specialist and Dr. Rosenthal is.  Therefore, Judge Black determined that the ALJ's decision that Plaintiff is not disabled because she can perform her past relevant work is supported by substantial evidence and should be affirmed.

Plaintiff filed timely objections to Magistrate Judge Black's Report and Recommendation which are now ready for disposition.

## II. Standard of Review

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ.  See 42 U.S.C. § 405(g).  The Court is to determine only whether the record as a whole contains substantial evidence to support the ALJ's decision.  "Substantial evidence means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion."  LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted).  The evidence must do more than create a suspicion of the existence of the fact to be established.  Id.  Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of

6

fact for the jury.  Id.  If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence.  Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981).  The district court reviews de novo a magistrate judge's report and recommendation regarding social security benefits claims.  Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

### III. Analysis

In her objections, Plaintiff argues that there was substantial objective evidence in the record, reflected in the office treatment notes, to support Dr. Khanna's opinion concerning her RFC.  Plaintiff argues that both the ALJ and the Magistrate Judge therefore erred in determining that Dr. Khanna's opinion was not supported by objective and clinical findings. While conceding that Dr. Rosenthal has more psychiatric training than Dr. Khanna, Plaintiff suggests that Dr. Rosenthal's examination of her was too brief to accord it substantial weight.

Generally, "the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim." Hall v. Bowen, 837 F.2d 272, 276 (6th Cir.1988) (citations omitted). However, the opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings.

Houston v. Secretary of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984), and is not contradicted by substantial evidence to the contrary. Hardaway v. Secretary of Health & Human Servs., 823 F.2d 922, 927 (6th Cir. 1987). On the other hand, the opinion of a specialist is generally entitled to more weight than the opinion of a general practitioner. 20 C.F.R. § 404.1527(d)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.").

In Wolfe v. Social Sec. Admin., 39 Fed. Appx. 317 (6th Cir. 2002), the ALJ was presented with the opinions of two of the claimant's treating physicians, both general practitioners, concluding that the claimant was totally disabled due to lower back pain. The ALJ also had the opinion of an examining physician, who was an orthopedist, who concluded that the claimant was capable of performing several types of sedentary work. The ALJ rejected the opinions of the treating physicians, and accepted the opinion of the examining physician, on the grounds that "Dr. Rylands and Dr. Otis are general practitioners, while Dr. Gagliardi is an orthopedist." Id. at 320. In response to the claimant's objection that the ALJ lacked sufficient reason to reject the opinions of his treating physicians, the Court noted that under the regulations a specialist's opinion is

entitled to more weight than a non-specialist's opinion. Id. Thus, "[t]he ALJ found the specialist more persuasive than the treating physicians, and the specialist's conclusion more than satisfies as substantial evidence to support the ALJ's decision." Id.

This case is substantially similar to Wolfe. Dr. Khanna's opinion as treating physician was not entitled to controlling weight because it was contradicted by Dr. Rosenthal's opinion. See, e.g., Hickey-Haynes v. Barnhart, 116 Fed. Appx. 718, 722 (6th Cir. 2004) (ALJ correctly applied treating physician rule in not giving controlling weight to treating physicians; their opinions were contradicted by a treating nephrologist and a Social Security consultant physician). Moreover, because Dr. Rosenthal is a mental health specialist, and Dr. Khanna is not, the ALJ was entitled to give more weight to Dr. Rosenthal's opinion. As a result, his conclusion, based on Dr. Rosenthal's opinion, that Plaintiff is capable of performing her past relevant work, is supported by substantial evidence. Thus, Magistrate Judge Black correctly evaluated the ALJ's decision.

Accordingly, Plaintiff's objections to Magistrate Judge Black's Report and Recommendation are not well-taken and are **OVERRULED.**

<u>Conclusion</u>

For the reasons stated, Plaintiff's objections to Magistrate Judge Black's Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. The decision of the ALJ determining that Plaintiff is not disabled under the Social Security regulations is **AFFIRMED. THIS CASE IS CLOSED.**

**IT IS SO ORDERED**

Date September 14, 2009                   s/Sandra S. Beckwith
                                              Sandra S. Beckwith
                                     Senior United States District Judge